SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership, Including Professional Corporations
JENNIFER G. REDMOND, Cal. Bar No. 144790
jredmond@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Tel: 213.434.9100 Fax: 213.434.3947
Y. DOUGLAS YANG, Cal. Bar No. 307550
dyang@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Tel: 213.620.1780 Fax: 213.620.1398
ISAIAH Z. WEEDN, Cal. Bar No. 229111
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626
Tel: 714.513.5100 Fax: 714.513.5130

Attorneys for Plaintiffs and Counter-Defendants
FIRST FOUNDATION INC. and
FIRST FOUNDATION ADVISORS

GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP
PATRICIA L. GLASER, Cal. Bar No. 55668
pglaser@glaserweil.com
RORY S. MILLER, Cal. Bar No. 238780
rmiller@glaserweil.com
MICHAEL L. SMITH, Cal. Bar No. 298917
msmith@glaserweil.com
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

Attorneys for Defendants and Counter-Claimants
THOMAS MUNSON GIDDINGS and
LOUIS PANCOAST ABEL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| FIRST FOUNDATION, INC., a Delaware Corporation; and FIRST FOUNDATION ADVISORS, a California Corporation,<br><br>Plaintiffs,<br>v.<br><br>THOMAS MUNSON GIDDINGS, an individual; and LOUIS PANCOAST ABEL, an individual, | Case No. 8:20-cv-00359-DOC-KES<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**<br><br>Hon. David O. Carter<br><br>Trial Date: None Set<br><br>Complaint Filed: February 21, 2020<br>Counterclaims Filed: March 31, 2020 |

| | |
|---|---|
| | Defendants. |
| THOMAS MUNSON GIDDINGS, an individual; and LOUIS PANCOAST ABEL, an individual, | |
| | Counter-Claimants, |
| v. | |
| FIRST FOUNDATION INC., a Delaware Corporation; and FIRST FOUNDATION ADVISORS, a California Corporation, | |
| | Counter-Defendants, |

IT IS HEREBY STIPULATED by and between Plaintiffs/Counter-Defendants First Foundation Inc. ("FFI") and First Foundation Advisors ("FFA" and collectively, "Plaintiffs") and Defendants/Counter-Claimants Thomas Munson Giddings ("Giddings") and Louis Pancoast Abel ("Abel" and collectively, "Defendants") (Plaintiffs and Defendants collectively, the "Parties"), that a Judgment shall be entered to fully and finally dispose of this action and that the Judgment be as follows:

1. WHEREAS, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367;
2. WHEREAS, Plaintiff First Foundation Inc. is a Delaware corporation with its principal place of business in Orange County, California;
3. WHEREAS, Plaintiff First Foundation Advisors is a California corporation with its principal place of business in Orange County, California;
4. WHEREAS, FFA is an SEC-registered Investment Advisor that offers integrated wealth management, investment services, and advisory services primarily for high net worth individuals and business entities ("Wealth Management Services");
5. WHEREAS, FFI was and is the parent corporation of FFA, and generated policies and agreements that applied equally to FFA and its employees;
6. WHEREAS, Defendant Thomas Munson Giddings is a California resident who was the former Senior Managing Director at FFA from 2008 until his employment was terminated on February 18, 2020;
7. WHEREAS, Defendant Louis Pancoast Abel is a California resident who was the former Chief Investment Officer of FFA from 2010 until his employment dont was terminated on February 18, 2020;

8. WHEREAS, on February 21, 2020, Plaintiffs filed an action in the United States District Court for the Central District of California, entitled, *First Foundation Inc. et al. v. Thomas Munson Giddings et al.*, Case No. 8:20-cv-00359-DOC-KES. Plaintiffs alleged, among other things, that Defendants committed actionable breaches of contract, breaches of fiduciary duty, misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA") and the Defend Trade Secrets Act ("DTSA"), threatened misappropriation of trade secrets under CUTSA and DTSA, and unfair business practices in violation of California Business and Professions Code §§ 17200, *et seq.*;

9. WHEREAS, on March 7, 2020, the Court entered a preliminary injunction entered as Docket no. 38;

10. WHEREAS, on March 31, 2020, Defendants filed an Answer and Counterclaims, in which Defendants denied any and all wrongdoing and specifically denied all of Plaintiff's claims. Defendants also asserted in counterclaims that Plaintiffs had breached contracts by refusing to honor vested stock option grants to Defendants, failing to pay wages to which Defendants were lawfully entitled, defamed Defendants through coerced self-publication, and engaged in unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq.* by attempting to enforce non-competition provisions that violate California Civil Code §§ 16600 *et seq.*;

11. WHEREAS, without either side admitting fault, Plaintiffs and Defendants have agreed to resolve this action in a confidential settlement in which the Parties agree to stipulate to the terms of judgment set forth herein;

**THE COURT HEREBY ORDERS, ADJUDGES AND DECREES:**

1. <u>Permanent Injunction</u>

    a) Until April 30, 2023, Defendants, acting directly or indirectly through their representatives, agents, heirs, administrators, executors, successors in interest, attorneys, insurers, partners, joint ventures, consultants, employees, independent contractors, or other third parties, are enjoined from soliciting for Wealth Management Services any individual or entity who was a client of FFA as of February 18, 2020 ("Existing FFA Client") excluding (a) family members of the Defendants identified in Exhibit A to this Stipulated Judgment and Permanent Injunction ("Defendants' Family Clients"); (b) clients with pre-existing relationships with Defendants from their prior employers US Trust and/or Lehman Brothers identified in Exhibit B to this Stipulated Judgment and Permanent Injunction ("Defendants' Pre-Existing Clients"); and (c) Individuals or entities identified in Exhibit C to this Stipulated Judgment and Permanent Injunction ("Defendants' Permitted Clients").  The Existing FFA Clients, excluding Defendants' Family Clients, Defendants' Pre-Existing Clients, and Defendants' Permitted Clients, are identified in Exhibit D to this Stipulated Judgment and Permanent Injunction.  All Exhibits to this Stipulated Judgement and Permanent Injunction shall be filed and remain under seal.

    b) Until April 30, 2023, Defendants, acting directly or indirectly through their representatives, agents, heirs, administrators, executors, successors in interest, attorneys, insurers, partners, joint ventures, consultants, employees, independent contractors, or other third parties, are enjoined from providing services to or accepting any

business for Wealth Management Services from any Existing FFA Clients, excluding only Defendants' Family Clients, Defendants' Pre-Existing Clients and Defendants' Permitted Clients.

c) Until April 30, 2021, Defendants, acting directly or indirectly through their representatives, agents, heirs, administrators, executors, successors in interest, attorneys, insurers, partners, joint ventures, consultants, employees, independent contractors, or other third parties, are enjoined from soliciting to employ or hire or recruiting any person who was an employee of FFA or FFI as of February 18, 2020, or otherwise induce or influence any such employee to leave the employ of FFA or FFI.

d) Defendants, acting directly or indirectly through their representatives, agents, heirs, administrators, executors, successors in interest, attorneys, insurers, partners, joint ventures, consultants, employees, independent contractors, or other third parties, are enjoined from directly or indirectly disclosing or using at any time confidential and proprietary information of Plaintiffs.

2. Binding Effect

This Order is binding upon Defendants, as well as any current or former employers of Defendants (to the extent that Defendants have any direct or indirect involvement in the actions of said employer), persons in active concert or participation with them, or anyone acting on their behalf or at their direction, whether directly or indirectly, who receive actual notice of this Order by personal service or otherwise.

3. Effective Date

This Order shall take immediate effect without the posting of any bond or security.

4. <u>Violation of Judgment – Contempt of Court</u>

In the event that any part of this Judgment is violated by any of Defendants or, as applicable, their officers, agents, independent contractors, consultants, joint venturers, servants, directors, employees, current or former employers, partners, representatives, assigns, successors, related companies, and attorneys, and all persons in active concert or participation with Defendants or with any of the foregoing who receive notice of this Judgment by personal service, electronic service or otherwise, Plaintiffs may file and serve a motion for contempt seeking liquidated damages and/or other appropriate relief. Such motions shall be referred to the appointed Special Master, Hon. James L. Smith (Ret.). In ruling on any such motion, the prevailing party shall be entitled to recover its reasonable attorneys' fees and expert fees in addition to any other relief.

5. <u>Liquidated Damages for Violation</u>

The Parties agree that damages resulting from violation of Sections 1(a) and (b) of this Judgment with respect to Existing FFA Clients will be difficult if not impossible to prove. Consequently, the Parties agree that any Defendant found to have materially breached this Stipulated Judgment and Permanent Injunction with respect to any Existing FFA Client will pay, as liquidated damages and not as a penalty, an amount equal to twice the average[1] annual commission revenue received by FFA for each client that is the subject of the particular violation. This

---

[1] The "average" shall be calculated using the average commission revenue received by FFA for the client at issue during the three full fiscal years immediately preceding the date of breach. If the client has engaged with FFA less than three full fiscal years, then the average shall be calculated using the length of time that the client has been engaged with FFA, pro-rated for any partial year.

amount was determined with reference to Plaintiffs' average cost of obtaining a client and Plaintiffs' average client tenure.

6. <u>Continuing Jurisdiction</u>

The Court shall retain jurisdiction for the limited purpose of enforcing the terms of this Permanent Injunction, such jurisdiction to continue for that limited purpose until April 30, 2023, with all motions for violation referred to the Special Master as set forth above.

7. <u>No Territorial Limit</u>

This Judgment shall be enforceable against any of Defendants for any acts that violate this Judgment that occur inside and/or outside the United States of America.

8. <u>Final Judgment</u>

This Judgment shall be a final adjudication of all claims alleged by Plaintiffs and Defendants in this action, and this Judgment is not appealable.

Dated: May 1, 2020        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By      /s/ Jennifer G. Redmond
         JENNIFER G. REDMOND
         ISAIAH Z. WEEDN
         Y. DOUGLAS YANG

         Attorneys for Plaintiffs/Counter-Defendants
         FIRST FOUNDATION INC. and FIRST
         FOUNDATION ADVISORS

Dated: May 1, 2020

GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

By  */s/ Rory S. Miller*
PATRICIA L. GLASER
RORY S. MILLER
MICHAEL L. SMITH

Attorneys for Defendants and Counter-Claimants THOMAS MUNSON GIDDINGS and LOUIS PANCOAST ABEL

SO ORDERED.

Date: May 2, 2020

*David O. Carter*
Hon. David O. Carter

United States District Court Judge